UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
_____ DIVISION

| | |
|---|---|
| **MONTEAGLE VENTURES, LLC, DUANE MILLER, and ERIC MACLEOD,** Movants, v. **UNITED STATES OF AMERICA,** Respondent. | Case No. _____ **MOTION FOR RETURN OF PROPERTY AND FOR INJUNCTIVE RELIEF** |

Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure and Rule 65 of the Federal Rules of Civil Procedure, Movants Monteagle Ventures, LLC ("Monteagle"), Duane Miller ("Miller"), and Eric Macleod ("Macleod" and, collectively with Monteagle and Miller, "Movants") respectfully move the Court for entry of an order, as follows:

A. With respect to the those emails seized pursuant to a search warrant executed for the email accounts d.miller@monteagleventures.com and e.macleod@monteagleventures.com:

1. This Court should order Respondent, United States of America ("Respondent") to return to Movants those documents which the Filter Team provided to the Prosecution Team after having unilaterally determined them to be not privileged, and Movants should be allowed a reasonable amount of time to review the documents according to the following protocol:

   a. Movants shall advise the Filter Team which of those documents it considers to be privileged;

   b. The Filter Team shall advise Movants which, if any, of those documents the Prosecution Team has accessed.

    c. As to those documents which the Prosecution Team has not accessed, Movants and the Filter Team shall confer and attempt to resolve all privilege issues; any issues not resolved may be presented to the Court.

    d. As to those documents which the Prosecution Team has accessed, Movants and the Filter Team shall confer and attempt to reach agreement as to whether any remedial measures are appropriate as a result of the Prosecution Team's having accessed the documents and, if so, what those remedial measures should be; any disagreements between Movants and the Filter Team after such attempts to agree may be presented to the Court.

2. This Court should enjoin Respondent from providing to the Prosecution Team any of those documents which it has previously provided to Movants and which Movants have designated as privileged, without first conferring with Movant, attempting to resolve any disagreements with Movant, and affording Movant a reasonable opportunity to present to the Court any unresolved disagreements.

B. With respect to the those emails seized pursuant to a search warrant executed for the email accounts dcfamilyinvestments@gmail.com and wemacleod@gmail.com, this Court should enjoin Respondent from providing any such emails to the Prosecution Team and order the Filter Team to provide the emails to Movants, and Movants should be allowed a reasonable amount of time to review the documents according to the following protocol:

1. Movants shall categorize the emails as (a) unprivileged and relevant to the Prosecution Team's investigation; (b) unprivileged but irrelevant to the Prosecution Team's investigation; (c) privileged and relevant to the Prosecution

Team's investigation; and (d) privileged but irrelevant to the Prosecution Team's investigation.

2. Movants shall:

   a. timely return to Respondent those emails Movants determined to be unprivileged and relevant to the Prosecution Team's investigation;

   b. return to the Filter Team those emails Movants determine to be unprivileged but irrelevant to the Prosecution Team's investigation; if the Filter Team agrees with the designation the emails shall not be provided to the Prosecution Team, but if the Filter Team disagrees with the designation the Filter Team shall so advise Movants and may provide the emails to the Prosecution Team;

   c. provide to the Filter Team a privilege log listing those documents which Movants determine to be privileged and relevant to the Prosecution Team's investigation; for those documents as to which the Filter Team disagrees with Movants' categorization of the documents as privileged the parties shall confer and attempt to resolve the privilege issues, and any issues not so resolved may be presented to the Court;

   d. categorize into broad categories those emails which Movants determine to be privileged but irrelevant to the Prosecution Team's investigation; for those categories which the Filter Team disagrees with Movants' categorization of the documents as irrelevant Movants shall list the documents on a privilege log and the parties shall confer and attempt to

3

resolve the privilege issues, and any issues not so resolved may be presented to the Court.

Movants are filing contemporaneously herewith their Memorandum in Support of Motion for Return of Property and Injunctive Relief ("Memorandum") and hereby incorporate incorporate by reference the Memorandum (including Exhibit 1 thereto) into this Motion.

Respectfully submitted,

*/s/ Sanford J. Boxerman*
Sanford J. Boxerman
Missouri State Bar No. 37436
boxerman@capessokol.com
Sara G. Neill
Missouri State Bar No. 53053
neill@capessokol.com
**CAPES, SOKOL, GOODMAN & SARACHAN, PC**
8182 Maryland Avenue, 15th Floor
St. Louis, MO 63105
Telephone: (314) 721-7701
FAX: (314) 721-0554

**COUNSEL FOR MOVANT DUANE MILLER**
**CO-COUNSEL FOR MOVANT MONTEAGLE VENTURES, LLC**

\*\*\*

*/s/ Michael A. Villa, Jr.*
Michael A. Villa, Jr.
Texas State Bar No. 24051475
mvilla@meadowscollier.com
Brian J. Spiegel
Texas State Bar No. 24063987
bspiegel@meadowscollier.com
**MEADOWS, COLLIER, REED,**
    **COUSINS, CROUCH & UNGERMAN, LLP**
901 Main Street, Suite 3700
Dallas, Texas  75202
Telephone: (214) 744-3700
FAX: (214) 747-3732

**COUNSEL FOR MOVANT ERIC MACLEOD**
**CO-COUNSEL FOR MOVANT MONTEAGLE VENTURES, LLC**